IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs September 14, 2011

## JUSTIN TYLER BREWER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 5723    Stella Hargrove, Judge**

_____

**No.  M2010-02635-CCA-R3-HC - Filed November 15, 2011**

_____

Petitioner, Justin Tyler Brewer, appeals from the Wayne County Circuit Court's denial of a petition for habeas corpus relief in which he claimed that he received a sentence outside of his range.  Petitioner raises an additional claim on appeal, that the judgment for one of his convictions is void because it provides for release eligibility.  After a review of the record, we determine that Petitioner has failed to show that his judgment for second degree murder is void or that his sentence has expired.  Further, Petitioner is not entitled to habeas corpus relief for his aggravated kidnapping conviction according to Tennessee Code Annotated section 29-21-101.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Justin Tyler Brewer, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks and Sophia S. Lee, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual Background*

Petitioner pled guilty to one count of second degree murder, two counts of aggravated assault, and one count of aggravated kidnapping in Hardin County in November of 2008. As a result, he received an effective sentence of forty years.

On September 23, 2010, Petitioner filed an application for writ of habeas corpus in Wayne County. In the petition, Petitioner alleged that the forty-year sentenced he received for second degree murder was "beyond the maximum penalty for a Range I Standard Offender sentence" and, therefore, the trial court lacked jurisdiction to impose the sentence. The State filed a motion to dismiss.

In an order entered on November 12, 2010, the trial court granted the motion to dismiss the petition. The trial court determined that any issue "regarding offender range and release eligibility" was non-jurisdictional and subject to plea bargaining. Further, the trial court noted that Petitioner's sentence of forty years was within the range of sentencing for offenders convicted of Class A felonies and was not illegal. Petitioner filed a timely notice of appeal. He now challenges the dismissal of the petition for habeas corpus relief.

*Analysis*

On appeal, Petitioner contends that the trial court improperly dismissed the petition for habeas corpus relief when the trial court imposed an "illegal sentence" by violating Tennessee Code Annotated section 40-35-112(a)(1) and imposing a sentence of forty years for a second degree murder conviction where Petitioner was a Range I, standard offender. For the first time on appeal Petitioner argues that the trial court also imposed an illegal eight-year sentence to be served at thirty percent for aggravated kidnapping because the statute requires 100% service of sentence. The State insists that Petitioner has waived any issue with regard to his conviction for aggravated kidnapping for failure to present it to the habeas corpus court. Further, the State contends that Petitioner's sentence is not illegal and has not expired, thereby rendering him ineligible for habeas corpus relief.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment

is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed.  T.C.A. § 29–21–109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964).  Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void.  *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed.  *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165.  For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

-3-

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

We conclude that the trial court properly denied relief in view of Petitioner's failure to demonstrate that the trial court lacked jurisdiction to impose the forty-year sentence with one hundred percent service or that his sentence has expired. Petitioner claims that the trial court did not have jurisdiction to impose a forty-year sentence for second degree murder because the maximum range of punishment for a standard offender is twenty-five years. The judgment form indicates that Petitioner entered a "*Hicks* plea." Our Supreme Court has held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). In the event a defendant enters into a plea-bargain, he or she waives any subsequent complaint about offender classification and length of sentence, "so long as [the sentence] does not exceed the maximum punishment authorized for the plea offense." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007) (citing *Hicks v. State*, 945 S.W.2d 706, 707 (Tenn.1997)); *see also Cantrell v. Easterling*, 346 S.W.3d 445, 451-52 (Tenn. 2011); *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000) (determining that if a sentence was within the statutory minimum and maximum sentences for a particular sentencing range, then an appellate court could affirm a sentence that was within the particular range, even if the defendant would otherwise qualify for a lesser offender status). In *Davis v. State*, the supreme court commented:

> With regard to allegedly improper sentences arising from plea bargains, we have stated repeatedly that offender range classification and release eligibility are "non-jurisdictional." *See, e.g., Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Thus, "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Id.*; *Hicks*, 945 S.W.2d at 709; *see also State v. Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987). Accordingly, the parties may agree to a "hybrid" sentence that "mixes and matches" range assignment, term of years, and release eligibility without regard to what our sentencing scheme might call for absent a plea bargain so long as (1) the term of years is within the overall range of years specified for the offense, *see Hoover*, 215 S.W.3d at 779, and (2) the RED [Release Eligibility Date] is not less than the minimum allowable for the offense, *see Lewis*, 202 S.W.3d at 128. *See also McConnell*, 12 S.W.3d at 799 ("The 1989 [Sentencing] Act establishes the outer limits within which the State and a

defendant are free to negotiate, and the courts are bound to respect those limits.").

313 S.W.3d 751, 759-60.

In the case herein, the judgment reflects Petitioner was sentenced as a violent offender to forty years confinement for second degree murder, a Class A felony. There is no box checked for "Offender Status" on the judgment form. Class A felony sentences range from fifteen to sixty years. T.C.A. § 40-35-111(b)(1). Because the Petitioner was sentenced to punishment falling within the spectrum for a Class A felony, his sentence was proper. *See Davis*, 313 S.W.3d at 759-60; *McConnell*, 12 S.W.3d at 798; *Hicks*, 945 S.W.2d at 707. Petitioner is not entitled to relief.

Next, Petitioner claims that his negotiated sentence for aggravated kidnapping is illegal because it was ordered to be served at thirty percent release eligibility rather than 100% release eligibility as required by Tennessee Code Annotated section 40-35-501(i)(2)(D). We have reviewed the record in this case. Petitioner has attached the judgment form for the aggravated kidnapping conviction to the petition for relief. The judgment form reflects that Appellant was sentenced to eight years. In the "Offender Status" section of the judgment form, the box for "Standard" is checked. There is nothing checked in the "Release Eligibility" section. In other words, the judgment is silent as to release eligibility. The record does not include the transcript of the guilty plea hearing. Therefore, we are unable to determine from the record if the complaint regarding Petitioner's sentence is in the nature of a clerical error, appealable error, or fatal error. *See Easterling*, 346 S.W.3d 448-454. Moreover, in 2009, the General Assembly acted to limit habeas corpus relief on plea-bargained sentences further by adding the following language to the habeas corpus statute:

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;
> (2) *The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release;* or
> (3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements. (emphasis supplied)

T.C.A. § 29-21-101 (Supp. 2009) (emphasis added). This language applies to all habeas corpus petitions filed on or after June 11, 2009. 2009 Tenn. Pub. Acts 420. Petitioner pled guilty to the underlying conviction in this case, and his petition was filed in 2010, after the effective date of the amendment. It appears that this statute disentitles individuals in the position of Petitioner to habeas corpus relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JERRY L. SMITH, JUDGE